**Fatos HUSAJ, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States, Attorney General, Respondent.**

**No. 07–2528–ag.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

---

mer Attorney General Alberto R. Gonzales as the respondent in this case.

Sandy Khine, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. WILFRED FEINBERG, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Fatos Husaj, assertedly a native of the former Yugoslavia and citizen of Serbia, seeks review of a May 14, 2007 order of the BIA affirming the November 3, 2005 decision of Immigration Judge ("IJ") Wil-liam F. Jankun, which denied his applications for asylum and withholding of removal. *In re Husaj, Fatos* No. A79 417 017 (B.I.A. May 14, 2007), *aff'g* No. A79 417 017 (Immig. Ct. N.Y. City Nov. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dept. of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

As an initial matter, although petitioner is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

We find that the IJ's adverse credibility determination is supported by substantial evidence. The record reflects the IJ's finding that while Husaj stated at his airport interview that he had never been

arrested and that he did not belong to any political party, in his written application and at his hearing he claimed that he was a member of the Democratic League of Kosovo ("DLK") and that he was arrested in December 1994. We conclude that the record of the airport interview in this case was sufficiently reliable to form the basis of an adverse credibility finding. *Ramsameachire v. Ashcroft*, 357 F.3d 169 (2d Cir.2004). The interview was conducted in Albanian and Husaj did not indicate that he had any trouble understanding the interpreter. Moreover, the questions asked were designed to elicit the details of an asylum claim. *See id.* at 180. Moreover, the IJ appropriately relied on these discrepancies where they were central to Husaj's claim that he experienced past persecution when he was arrested and that he fears future persecution based on his membership in the DLK. *See Secaida–Rosales*, 331 F.3d at 308. Moreover, the IJ properly found that a discrepancy between Husaj's testimony and his father's affidavit regarding an encounter with members of the Kosovo Liberation Army in 2000, when considered cumulatively with those arising from his airport interview, was a sufficient basis for an adverse credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).

Husaj argues that corroborative evidence in the record otherwise establishes his claims. However, the IJ properly concluded that because Husaj submitted a passport determined to be fraudulent by the Forensic Document Laboratory, the balance of his evidence was called into question.[2] *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) (emphasizing

that "a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner"). Moreover, because Husaj failed to demonstrate that a reasonable factfinder would be compelled to conclude that his submission of a fraudulent passport was unknowing, the IJ properly determined that his submission of a fraudulent passport indicated an "overall lack of credibility." *See id.; see also Matter of O–D–*, 21 I. & N. Dec. 1079, 1083 (BIA 1998).

Because these findings provided a sufficient basis for the IJ's adverse credibility determination, we need not reach the IJ's alternative burden of proof findings.

Finally, because the only evidence of a threat to Husaj's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. In his brief to the BIA, Husaj submitted a letter purportedly from the Consulate General of the Republic of Serbia stating that his passport is valid. However, the BIA properly declined to consider the letter as rebuttal evidence because it was not submitted to the IJ and Husaj failed to file a motion to remand based on new evidence. *See* 8 CFR § 1003.1(d)(3)(iv); *see also Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 296 (2d Cir.2006).